Mortimer A. Helms, Appellant, *v.* Johnson V. Goodwill, Respondent.

(Argued February 3, 1876; decided March 21, 1876.)

The court, in this action, found, in substance, that in 1868 Albert Helms, plaintiff's assignor, was in possession of certain premises in Randolph, N. Y., under a contract of purchase from Benjamin Chamberlain; that the executors of Chamberlain brought an action against Helms to foreclose the contract, and he retained the defendant, an attorney, to defend the

action; that it was finally agreed, by parol, between Helms and defendant that Helms should assign his contract to defendant, he to procure the money to pay the balance due on the contract and take a deed, giving a mortgage on the lands to secure the payment of the money so procured, and should hold the land, subject to the mortgage in trust, for Helms; that defendant should lay out the lands into village lots, and should assist Helms to sell sufficient thereof to pay off the mortgage, and to convey the remainder, after the mortgage was paid, to Helms, defendant to have and retain one and one-half acres of said lands for his services, and in consideration of an indorsement of $100 upon a note taken by defendant and partner for services in the foreclosure suit, also in consideration of his building a house of specified quality upon the portion so to be retained; that, in pursuance of the agreement, the assignment was made, the money procured, the executors paid, a deed given to defendant, and a mortgage given by him upon the lands, excepting the one and one-half acres, to secure the money borrowed to make the payment, with $200 in addition, which $200 defendant retained, applying $150 upon said note; that defendant went into possession of the one and one-half acres and built thereon, as agreed; that he did not lay out the residue into lots, and did not sell or assist to sell the same, and did not pay any thing on the mortgage, which was foreclosed and the premises covered by it sold, resulting in a deficiency of twenty-eight dollars and seventeen cents, which defendant was liable to pay; that, on such foreclosure, defendant purchased a part of the lands sold. Helms, however, had previously sold to the mortgagee a lot for $600, and received payment. As conclusions of law the referee held that defendant was liable to pay the $200, with interest, less the twenty-eight dollars and seventeen cents, the same to be charged as a specific lien upon the parcel purchased by defendant; that defendant was also liable to pay the value of the one and one-half acres at the time defendant took possession, less the $100 indorsed upon the note, the same to be a specific lien on said lot. The judgment was reversed by the General Term, on questions of law — not of fact. *Held*, that, although the agreement between

Helm and defendant being oral, could not be enforced as a formal, valid, express trust (*Dillaye* v. *Greenough*, 45 N. Y., 438), yet as it did not appear, and was not found that Helms knew that the deed was an absolute one to defendant, with no expression or declaration of the trust, there was a resulting trust created in favor of Helms (*Lounsbury* v. *Purdy*, 18 N. Y., 515), and there remained an interest in Helms; and after possibility of performance had gone by, defendant was bound to account for the estate and for any loss by misfeasance or neglect (*Quinn* v. *Van Pelt*, 56 N. Y., 417, distinguished); that the action was maintainable as a demand for an accounting in equity, although no damage from neglect was proved; that no fraud was necessary to be shown, or demand to rescind the contract; that the assignment from Helms to plaintiff, being of all demands, causes of action, legal or equitable, etc., passed to plaintiff this right of action for an accounting; that defendant, having received compensation in full at the outset for all he had done and agreed to do, all the benefits which had or might have resulted from the performance of the agreement by defendant in whole, or in part, belonged to Helms, without diminution or abatement; that Helms was entitled to the $600 for the lot sold by him, to the use and occupation of the premises until sold, to the $200 received by defendant on the mortgage, and to the $100 allowed on the note; and that, as it appeared that defendant might, by reasonable exertions, have sold the lands for sufficient to have paid off the mortgage, leaving a surplus equal in amount to the value of the one and a-half acres, the conclusion of the Special Term allowing plaintiff this item was fully sustained; also, that the allowance of costs to defendant was within the discretion of the Special Term.

*W. H. Henderson* for the appellant.

*Frank W. Stevens* for the respondent.

Folger, J., reads for reversal of order of General Term, and for affirmance of judgment of Special Term.

All concur, except Church, Ch. J.; Rapallo and Andrews, JJ., not voting.

Order reversed, and judgment accordingly.